IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOWELL HILL, TIMOTHY HINTON, TONIE HOLCOMBE, TONY MCKAY, and LEE IRBY, <br><br> Plaintiffs, <br><br> v. <br><br> BARRACUDA SERVICES, INC. and MARK HEADLEY <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CIVIL ACTION FILE ) NO. _____ ) ) ) ) ) JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Lowell Hill, Timothy Hinton, Antoinette Holcombe, Anthony McKay, and Lee Irby, and file this lawsuit against Defendants Barracuda Services, Inc. and Mark Headley (hereinafter collectively "Defendants"), and show the following:

## Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiffs in

1

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiffs' employment with Defendants.

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Barracuda Services, Inc. (hereinafter "Barracuda"), Inc. may be served by delivering a copy of the summons and complaint to its registered agent, Lisa Headley at 3104 Alhambra Circle, Hampton, Georgia 30228.

5.

Defendant Mark Headley (hereinafter "Headley") may be served by delivering a copy of the summons and complaint to his home address at 3738 Mill Walk, Rex, Georgia 30273.

6.

The unlawful employment practices alleged in this Complaint were committed by Defendants who both reside in this division and district.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

7.

Plaintiffs were employed by Defendant Barracuda during the three years prior to the filing of this lawsuit.

8.

Defendant Barracuda is a corporation licensed to do business in Georgia.

9.

Defendant Headley is a resident of Georgia.

## Factual Allegations

10.

Barracuda is a business which engages in the repair and manufacture of bulkheads and dock seals.

11.

At all times material hereto, Barracuda has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

12.

At all times material hereto, Barracuda had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

At all times material hereto, Barracuda had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

14.

At all times material hereto, Barracuda had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

The "goods" referenced in the previous paragraph include, but are not limited to bulkheads, dock seals and the materials used to manufacture and repair bulkheads and dock seals.

16.

Upon information an belief, in all relevant years, Barracuda had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

For up to three years prior to the filing of the instant complaint, Defendants

have allowed employees to work "off-the-clock" without compensation for overtime hours.

18.

Plaintiff McKay worked at Barracuda from 2010 until May 2017.

19.

Plaintiff McKay was generally scheduled to work from 7:30am until 4:30pm.

20.

Plaintiff McKay usually stayed until 5pm most days so his weekly hours worked averaged 42.5.

21.

Plaintiff McKay's hours were clocked back to 40 hours per week to avoid the paying of overtime.

22.

At the time of his resignation, Plaintiff McKay was making $15.50 per hour.

23.

Plaintiff Hill worked at Barracuda from August 2016 until April 2017.

24.

Plaintiff Hill was asked to make deliveries to North Carolina and was not paid for the full amount of time spent making these deliveries.

25.

Plaintiff Hill estimated that this occurred on six occasions with approximately four hours unpaid each occasion.

26.

At the time of his resignation, Plaintiff Hill was making $8.50 per hour.

27.

Plaintiff Hinton worked at Barracuda from May 2016 until April 2017.

28.

Plaintiff Hinton would generally work about 43 hours per week, but his hours were clocked back to 40 hours per week to avoid the paying of overtime.

29.

At the time of his resignation, Plaintiff Hinton was making $10.50 per hour.

30.

Plaintiff Holcombe worked at Barracuda from May 2014 until May 2017 as the office manager.

31.

Plaintiff Holcombe spent her lunch hour clocked out, but usually had to answer the phone and continue working through lunch.

32.

Plaintiff Holcombe estimates she worked approximately five unpaid off-the-

clock overtime hours per week.

33.

At the time of her resignation, Plaintiff Holcombe was making $14 per hour.

34.

Plaintiff Irby worked at Barracuda from 2007 until May 2017.

35.

Plaintiff Irby would generally work about 42.5 hours per week, but his hours were clocked back to 40 hours per week to avoid the paying of overtime.

36.

At the time of his resignation, Plaintiff Irby was making $11.50 per hour.

37.

Defendant Headley had discretion over Plaintiffs' working hours, employment status, and overtime compensation.

38.

Defendant Headley acted both directly and indirectly in the interest of Barracuda and was in a supervisory position over Plaintiffs.

39.

Barracuda is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

40.

Defendant Headley is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

41.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

42.

The overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiffs.

## **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.**

43.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

44.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated; and

(D)   Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted this 18th day of January, 2018.

                    **THE SHARMAN LAW FIRM LLC**

                    /s/ Paul J. Sharman
                    PAUL J. SHARMAN
                    Georgia State Bar No. 227207

                    The Sharman Law Firm LLC
                    11175 Cicero Drive, Suite 100
                    Alpharetta, GA 30022
                    Phone: (678) 242-5297

                    Fax: (678) 802-2129
                    Email: paul@sharman-law.com

                    Counsel for Plaintiffs